Teresa Demchak, CA Bar No. 123989
Laura L. Ho, CA Bar No. 173179
Enrique Martinez, CA Bar No. 206884
GOLDSTEIN, DEMCHAK, BALLER,
BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
tdemchak@gdblegal.com

Cyrus Mehri, D.C. Bar No. 20970
(*pro hac vice* application forthcoming)
Ellen Eardley, D.C. Bar No. 488741
(*pro hac vice* application forthcoming)
Woody Osborne, D.C. Bar No. 043406
(*pro hac vice* application forthcoming)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
cyrus@findjustice.com

Major Khan, NY Bar No. 2643625
(*pro hac vice* application forthcoming)
MAJOR KHAN LLC
20 Bellevue Street
Weehawken, NJ 07086
mk@mk-llc.com

Attorneys for Plaintiff and the Putative Class



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA L. CADMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, a Delaware corporation,<br><br>Defendant. | Case No. C08-02245 HRL<br><br>CLASS ACTION<br><br>**COMPLAINT;**<br>**DEMAND FOR JURY TRIAL** |

- 1 -
CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Barbara L. Cadman, on her behalf and on behalf of all others similarly situated, and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action lawsuit individually and on behalf of other individuals who are or were employed by Defendant Bank of America within the State of California as Mortgage Loan Officers, Senior Mortgage Loan Officers or Retail Account Executives (hereinafter "MLOs"). As such, they seek reimbursement for business expenses, and interest thereon; waiting time penalties; declaratory relief; injunctive and other equitable relief; and reasonable attorneys' fees and costs, under, *inter alia*, California Labor Code §§ 2802, 218.5 and 203, Code of Civil Procedure § 1021.5 and Business & Professions Code § 17200 based upon the allegation that some of the violations of California's wage and hour laws, as described more fully below, had been ongoing for four years prior to the filing of this action until January 1, 2008, and other violations are continuing at present, and will continue until enjoined by the Court.

## JURISDICTION

2. The United States District Court, Northern District of California, has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 (CAFA), *codified at* 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, inasmuch as the amount in controversy exceeds $5,000,000 and the parties are citizens of different states.

## VENUE

3. Venue is proper in this district. Defendant is subject to personal jurisdiction in this District in that it maintains facilities and business operations in this District, employed Plaintiff and other similarly situated persons in this District, and committed some of the legal violations alleged herein in this District against Plaintiff and putative class members.

4. <u>Intradistrict Assignment</u>. Venue is proper in the San Jose Division of this Court pursuant to Local Rule 3-2(c)-(d) because a substantial part of the events which give rise to the claims asserted in this Complaint occurred in Santa Clara County, California. In particular, Defendant employed Plaintiff and other similarly situated persons in Santa Clara County, and there

committed legal violations as alleged in this complaint against Plaintiff and putative class members.

## PARTIES

5. Plaintiff Barbara Cadman (hereinafter "Plaintiff" or "Ms. Cadman") resides in San Jose, California. Plaintiff was employed by Defendant Bank of America (hereinafter "Defendant" or "Bank of America") from 1962 to March 2008. Ms. Cadman served as an MLO at Defendant's branch offices located in San Jose and Campbell, California from February 2004 to March 2008. Plaintiff was subject to Defendant's unlawful business expense reimbursement policies and/or practices set forth herein.

6. Defendant Bank of America is a publicly owned corporation organized under the laws of the State of Delaware, with its principal place of business in the State of North Carolina.

7. Defendant has offices and employs MLOs in this District and throughout the State of California. Plaintiff and the class of similarly situated MLOs sold loans for Defendant during the Class Period.

8. All of Plaintiff's claims stated herein are asserted against Defendant and any of its predecessors, successors and/or assigns.

## FACTUAL BACKGROUND

9. Bank of America operates, and at all times during the liability period, has conducted business in the Northern District and elsewhere within California by, among other things, providing home loans, refinancing home loans, and providing home equity loans and other financial products to consumers.

10. In the course of Plaintiff's employment with Defendant as an MLO, she sold Defendant's loan products and incurred business expenses as a result of and in furtherance of her job as an MLO.

11. Since at least four years prior to filing this action and continuing to the present Defendant has maintained business expense policies and/or practices that deny lawful compensation to its MLOs, including Plaintiff. Those policies and/or practices have caused MLOs to pay for necessary expenses in direct consequence of discharging their sales duties on behalf of

- 3 -
CLASS ACTION COMPLAINT

Defendant. These expenses include, but are not limited to: maintenance of an automobile and all travel-related expenses, including vehicle insurance, gasoline, parking, and mileage incurred while traveling for business; cellular phones; personal digital assistants (PDAs); restaurant meals, food and beverages provided to Defendant's clients and potential clients; gifts for Defendant's clients and potential clients; and marketing-related expenses on behalf of and for the benefit of Defendant.

12. Bank of America is aware that its MLOs regularly incur business expenses in the discharge of their duties as employees, but Defendant failed and refused to reimburse them for vehicle-related and cellular telephone business expenses. The Company changed its policy effective January 1, 2008. Defendant, however, continues its failure to fully reimburse MLOs for restaurant meals, food and beverages provided to Defendant's clients and potential clients, gifts for Defendant's clients and potential clients and other marketing-related expenses incurred by MLOs.

## CLASS ACTION ALLEGATIONS

13. Plaintiff seeks to proceed as a class action with regard to all of her Claims for Relief, pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class: all persons who have been employed by Bank of America in California as MLOs, senior MLOs, retail Account Executives and/or in a similar job capacity (collectively "MLOs") at any time from four years prior to the filing of this action and continuing through the present ("Class Period"), who have been or will be subject to Defendant's business expense reimbursement policy.

14. Plaintiff is informed and believes and thereon alleges that Defendant has employed more than one-thousand (1,000) MLOs in California subject to Defendant's business expense reimbursement policy at all times during the Class Period. Hence, the persons in the putative class are so numerous that joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

15. There are numerous common questions of law and fact that predominate over individual issues with regard to the claims of the MLOs under California's Labor Code and the Unfair Competition Law (UCL), California Business and Professions Code § 17200 *et seq*. These questions apply equally to the claims of all MLOs.

16. Common questions of fact and law that predominate over individual issues, with regard to the claims of the MLOs, include:

    a. Whether MLOs incurred un-reimbursed business expenses in the discharge of their duties as employees, for such items as automobile use and maintenance, parking, use of cellular telephones and mobile communications equipment, meals and gifts for clients of Defendant, marketing-related expenses and similar business expenses;

    b. Whether Defendant intended, suffered and permitted, and/or was aware that MLOs incur such business expenses in the discharge of their duties as employees;

    c. Whether Defendant failed to adequately monitor its business expense reimbursement practices;

    d. Whether MLOs may properly maintain a Business & Professions Code § 17200 claim;

    e. Whether Defendant failed and/or refused to reimburse business expenses incurred by Plaintiff and Class Members in the discharge of their duties;

    f. Whether Defendant's failure to reimburse business expenses incurred by the MLOs was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

    g. Whether Defendant's failure to reimburse business expenses incurred by MLOs was willful;

    h. Whether MLOs whose employment with Defendant terminated during the Class Period were owed wages or compensation due from Defendant, in the form of un-reimbursed business expenses, at the time of their termination, which have not been paid;

    i. Whether Defendant violated Labor Code § 2802 by denying MLOs reimbursement for their business expenses;

    j. Whether Defendant violated Business and Professions Code § 17200 by failing to pay business expenses for MLOs;

    k. Whether Defendant has violated Labor Code §§ 201 and 202, by failing, upon termination, to timely pay MLOs for the expenses incurred in discharge their sales duties; and,

l. The proper formula(s) for calculating restitution, damages, and waiting time penalties owed to MLOs.

17. Plaintiff's claims, as alleged herein, are typical of those claims which could be alleged by all MLOs. The relief sought by Plaintiff is typical of the relief which could be sought by each MLO in a separate action.

18. Plaintiff and her counsel are adequate to represent and protect the interests of all MLOs. Plaintiff has no known conflicts of interest with any putative class member.

19. The prosecution of separate actions by individual MLOs would create the risk of inconsistent and/or varying adjudications with respect to the individual members of the class, would establish incompatible standards of conduct for the Defendant, and would result in the impairment of rights of MLOs and the disposition of their interests through actions to which they were not parties.

20. A single class action is superior to numerous individual actions as a means of adjudicating those claims, because of the economies of class-wide adjudication of the same or similar claims.

### FIRST CLAIM FOR RELIEF
### FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (CALIFORNIA LABOR CODE § 2802)

21. The allegations of Paragraphs 1 through 20 are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described class of similarly situated MLOs.

22. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

23. In order to discharge their sales-related duties for Defendant, Plaintiff and similarly situated MLOs had to use their own personal motor vehicles for work-related travel. They also incurred other necessary business expenses in carrying out their sales-related duties, including use of their cellular telephones, and/or similar communication devices. However,

- 6 -
CLASS ACTION COMPLAINT

Defendant, based on its own policies, did not pay for expenses incurred as a result of Plaintiff's and similarly situated MLOs' use of their own motor vehicles for work, including for liability insurance, gas, parking, mileage and other travel-related expenses, and for cellular telephones, and/or similar communication devices until approximately January 1, 2008. Even after January 1, 2008, Defendant has continued to inadequately monitor its business reimbursement practices to ensure it fully compensates Plaintiff and similarly situated MLOs for the entire amount of their work-related, travel-related expenses and cellular telephone and/or similar communication device expenses.

24. Plaintiff and similarly situated MLOs also have had to pay out of their own money for food, beverage, entertainment and/or other gifts for Defendant's clients and prospective clients and for marketing-related materials as part of their sales-related duties for Defendant. However, Defendant has not paid for or otherwise reimbursed Plaintiff and similarly situated MLOs for such expenses.

25. Plaintiff and similarly situated MLOs are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

26. As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for attorneys' fees and costs under Labor Code § 218.5.

27. Plaintiff, on behalf of herself and similarly situated MLOs, request relief as described below.

## SECOND CLAIM FOR RELIEF
## WAITING TIME PENALTIES
## (CALIFORNIA LABOR CODE §§ 201, 202 & 203)

28. The allegations of Paragraphs 1 through 27 are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described class of similarly situated MLOs.

29. Labor Code § 201 requires an employer who discharges an employee to pay all

compensation due and owing to that employee immediately upon discharge.

30. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

31. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

32. Defendant willfully failed and refused to timely pay MLOs, including Plaintiff, all wages owed by failing to pay them for necessarily incurred business expenses upon termination. As a result, Defendant is liable to former MLOs, including Plaintiff, for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Labor Code § 203.

33. Plaintiff, on behalf of herself and all similarly situated MLOs, request relief as described below.

### THIRD CLAIM FOR RELIEF

### UNFAIR COMPETITION LAW VIOLATIONS
### (CALIFORNIA BUS. PROF. CODE § 17200)

34. The allegations of Paragraphs 1 through 33 are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described class of similarly situated MLOs.

35. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

36. Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

37. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, and continuing through January 1, 2008 for some violations, and to the present for other violations, Defendant has committed unlawful, unfair, and/or fraudulent business

acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

    a.    failing to reimburse and indemnify Plaintiff and similarly situated MLOs for employment-related business expenses and losses; and

    b.    failing to pay all accrued wages to MLOs upon termination of their employment by not reimbursing them for necessarily incurred business expenses.

38.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

39.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold ill-gotten gains belonging to Plaintiff and Class Members in the form of unpaid wages and un-reimbursed employee business expenses. As a direct and proximate result of Defendant's unlawful business practices, Plaintiff and Class Members have suffered economic injuries including, but not limited to wages, out-of-pocket business expenses, and waiting time penalties. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon, and waiting time penalties that should have been paid to Plaintiff and similarly situated MLOs.

40.    Plaintiff and similarly situated MLOs are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, interest, and waiting time penalties accruing from four years prior to the filing of this action to the date of such restitution.

41.    Plaintiff and similarly situated MLOs are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

42.    Plaintiff's success in this action will enforce important rights affecting the public interest. In this regard, Plaintiff sues on behalf of herself and others similarly situated. Plaintiff seeks and is entitled to reimbursement of business expenses with interest, waiting time penalties, declaratory and injunctive relief, and any other appropriate remedy.

43.    Injunctive relief is necessary and appropriate to prevent Defendant from continuing

and repeating its unlawful, unfair and fraudulent business acts and practices alleged above which it continues to exercise.

44. In order to prevent Defendant from profiting and benefiting from its wrongful and illegal acts and continuing those acts, Plaintiff requests an order requiring Defendant to disgorge all the amounts of unpaid business expenses and restore such amounts to the MLOs, from whom they were unlawfully taken.

45. Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

46. By all of the foregoing alleged conduct, Defendant has committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 *et seq.*

47. As a direct and proximate result of the UCL violations described above, Plaintiff and other MLOs have all suffered significant losses and Defendant has been unjustly enriched.

48. Pursuant to Business & Prof. Code §17203, Plaintiff, and other MLOs are entitled to restitution of money acquired by Defendant by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and Plaintiff and Class Members are further entitled to injunctive relief against Defendant's continuation of its unfair business practices and a declaration that Defendant's business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

49. Plaintiff, on behalf of herself and similarly situated MLOs, request relief as described below.

### PRAYER FOR RELIEF

WHEREFORE, with regard to the First Claim for Relief, Plaintiff, individually and on behalf of a class of MLOs, prays for judgment against Defendant as follows:

A. That the Court declare that Defendant's business expense policies and/or practices violate California law by not treating all business expenses incurred by MLOs in the discharge of

their duties as employees of Defendants as business costs to be paid or reimbursed by the Defendant employer.

B. That the Court declare that Defendant's business expense policies and/or practices violate California law by causing a forfeiture of accrued wages.

C. That the Court declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802, as they deny employees compensation or reimbursement for all expenses incurred during the course of conducting business for their employers.

D. That the Court award to MLOs all un-reimbursed business expenses, and interest thereon, they are owed, subject to proof at trial; and,

E. That MLOs be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 2802, 218.5 and/or other applicable law.

WHEREFORE, with regard to the Second Claim for Relief, Plaintiff, individually and on behalf of a class of MLOs, prays for judgment against Defendant as follows:

F. That the Court find that Defendant has violated Labor Code §§ 201 and 202 for willful failure to reimburse necessarily incurred business expenses upon termination of employment to MLOs who have left Defendant's employ;

G. That the Court award to MLOs who have left Defendant's employ payments due to them as waiting time penalties, and interest thereon, pursuant to Labor Code § 203; and,

H. That MLOs be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 203 and/or other applicable law.

WHEREFORE, with regard to the Third Claim for Relief, Plaintiff, individually and on behalf of a class of MLOs, prays for judgment against Defendant as follows:

I. That the Court find that Defendant has violated Business and Professions Code § 17200 and committed unfair and unlawful business practices by failing to reimburse MLOs for necessarily incurred business expenses and by failing to pay waiting time penalties to MLOs who have left Defendant's employ;

J. That Defendant be ordered and enjoined to pay restitution to the MLOs due to Defendant's UCL violations, pursuant to Business and Professions Code §§ 17200-17205;

K. That Defendant further be enjoined to cease and desist from the unlawful activities alleged herein in violation of Business and Professions Code § 17200;

L. That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, and/or other applicable law.

M. That the Court award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the extent authorized by law.

Dated: April 30, 2008

Respectfully submitted,

*Teresa Demchak*

Teresa Demchak, CA Bar No. 123989
Laura L. Ho, CA Bar No. 173179
Enrique Martinez, CA Bar No. 206884
GOLDSTEIN, DEMCHAK, BALLER,
BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
tdemchak@gdblegal.com

Cyrus Mehri, DC Bar No. 20970
(*pro hac vice* application forthcoming)
Ellen Eardley, DC Bar No. 488741
(*pro hac vice* application forthcoming)
Woody Osborne, D.C. Bar No. 043406
(*pro hac vice* application forthcoming)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
cyrus@findjustice.com

Case 5:08-cv-02245-HRL   Document 1   Filed 04/30/2008   Page 13 of 13

```
 1
 2
 3
 4
 5
 6
 ...
28
```

Major Khan, NY Bar No. 2643625
(*pro hac vice* application forthcoming)
MAJOR KHAN LLC
20 Bellevue Street
Weehawken, NJ 07086
mk@mk-llc.com

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

- 13 -
CLASS ACTION COMPLAINT

5:08-CV-02245 HRL ADR EAI

§ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Barbara L. Cadman

## DEFENDANTS
Bank of America

**(b)** County of Residence of First Listed Plaintiff: Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Mecklenburg County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Laura L. Ho, CA Bar No. 173179
Goldstein, Demchak, Baller, Borgen, & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, California 94612  Tel: 510-763-9800
("See Attachment")

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excl. Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury — Med. Malpractice; 365 Personal Injury — Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**FORFEITURE/PENALTY**: 610 Agriculture; 620 Other Food & Drug; 625 Drug Related Seizure of Property 21 USC 881; 630 Liquor Laws; 640 R.R. & Truck; 650 Airline Regs.; 660 Occupational Safety/Health; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Mgmt. Relations; 730 Labor/Mgmt.Reporting & Disclosure Act; 740 Railway Labor Act; [x] 790 Other Labor Litigation; 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**: 462 Naturalization Application; 463 Habeas Corpus – Alien Detainee; 465 Other Immigration Actions

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**CIVIL RIGHTS**: 441 Voting; 442 Employment; 443 Housing/Accommodations; 444 Welfare; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 440 Other Civil Rights

**PRISONER PETITIONS**: 510 Motions to Vacate Sentence; Habeas Corpus: 530 General; 535 Death Penalty; 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition

**OTHER STATUTES**: 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit; 490 Cable/Sat TV; 810 Selective Service; 850 Securities/Commodities/Exchange; 875 Customer Challenge 12 USC 3410; 890 Other Statutory Actions; 891 Agricultural Acts; 892 Economic Stabilization Act; 893 Environmental Matters; 894 Energy Allocation Act; 895 Freedom of Information Act; 900 Appeal of Fee Determination Under Equal Access to Justice; 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332(d), 1453 and 1711-1715 (CAFA)
Brief description of cause:
California Labor Code - Unreimbursed Business Expenses

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND   [x] SAN JOSE

DATE: APRIL 30, 2008

SIGNATURE OF ATTORNEY OF RECORD

## ATTACHMENT

Cyrus Mehri, D.C. Bar No. 20970
(*pro hac vice* application forthcoming)
Ellen Eardley, D.C. Bar No. 488741
(*pro hac vice* application forthcoming)
Woody Osborne, D.C. Bar No. 043406
(*pro hac vice* application forthcoming)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
cyrus@findjustice.com

Major Khan, NY Bar No. 2643625
(*pro hac vice* application forthcoming)
MAJOR KHAN LLC
20 Bellevue Street
Weehawken, NJ 07086
mk@mk-llc.com